IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| MARSIGNOR CORNELIUS WHITE | ) | |

## ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Marsignor Cornelius White. The United States of America, by and through its attorney, Joseph D. Newman, Acting United States Attorney, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

### GENERAL DISCOVERY MOTIONS

1. **Discovery:**

As to Defendant's general discovery requests, the government responds that it has provided Defendant "open file" discovery in this case. The government has provided approximately 2,535 pages of discovery material, and 11 DVDs containing recorded phone calls and summaries of those calls; additional recordings were made available for review at the office of the Federal Bureau of Investigation ("FBI"). The discovery materials include, *inter alia,* the investigation reports of the FBI and the United States Attorney's Office (attorney and agent work product excepted, and personal identification information redacted). All known statements by Defendant have also been made available, as has his criminal

record. The results of any scientific tests have been provided in the discovery materials, but if any further tests are conducted, the results will be provided upon their receipt. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**. (Doc. nos. 93, 94)

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing any existing disputes or unresolved items that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel are reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>. Further addressing Defendant's specific requests for disclosure:

2. **Statements of Defendant:**

In light of the government's liberal discovery policy and the government's statement that all known statements by Defendant have been produced (doc. no. 196, p. 2), this request is **MOOT**.

3. **Tangible and Seized Items:**

The government's liberal discovery policy should eliminate the possibility of surprise at trial. Therefore, this request is **MOOT**.

4. **Witnesses, Co-Conspirators and Knowledgeable Persons:**

Defendant seeks knowledge of the existence and identification of potential government witnesses that testified before any court, grand jury or other tribunal body. Defendant requests the names, addresses, telephone numbers, or any criminal records of those persons expected to testify or who may have some knowledge of the facts of this case, but will not testify. Fed. R. Crim. P. 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), their discovery by a defendant

3

is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

5. **Informants:**

Defendant seeks detailed disclosures regarding informants, "special employees," and undercover investigators. Defendant also seeks information such as "any investigative agencies' departmental rules or regulations to which any informant or special employee was hired, employed or requested to participate in the investigation of this case." Further, Defendant seeks all statements of informants as well as the identity of persons associated with the prosecution who spoke to the informants. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 561-63 (1957); United States v. Gutierrez, 931 F.2d 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988) ("factor of primary importance in striking balance (enunciated in Roviaro) is the degree of participation exercised by the informant"); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979) (requiring "more

4

than speculation about the possible usefulness of an informant's testimony" and explaining that mere "possibility of obtaining relevant testimony is too remote to require disclosure [of informant]"). The government's very liberal discovery in this case should enable Defendant to adequately investigate the government's case. Otherwise, the government must disclose the identity of any informant who played an active role in the criminal activity charged against Defendant <u>at least fourteen (14) days</u> prior to trial.[1] Such disclosure will ensure an adequate opportunity for Defendant to prepare for trial and obviate any need for an *in camera* showing by the government pursuant to Fed. R. Crim. P. 16(d). <u>See</u> <u>United States v. Kerris</u>, 748 F.2d 610, 614 (11th Cir. 1984) (*per curiam*) (re-iterating circuit precedent that *in camera* hearing not automatically required when informant identity requested).

6. **<u>Scientific Tests, Experiments and Results</u>:**

Defendant seeks discovery of the results of any scientific tests and experiments made in connection with this case. Defendant additionally seeks information greatly exceeding that mandated by Fed. R. Crim. P. 16. The government has acknowledged its obligation to provide all Rule 16 materials. The government has also stated that the results of any scientific tests which are available have been provided and that if any such tests are conducted in the future, the result will be provided upon receipt. (Doc. no. 196, p. 2). Therefore, this request is **MOOT**.

---

[1] If defense counsel determines that he needs to apply for subpoenas based on information provided about an informant, this 14-day time period should allow him sufficient time to comply with this Court's instructions (doc. no. 81, p. 3) to apply for subpoenas no later than ten (10) days prior to trial.

5

7. **Experts:**

In light of the government's liberal discovery policy, this request is **MOOT**.

8. **Tangible Objects, Accelerated Jencks Material Notes, Destroyed or Preserved:**

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide a defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251-52 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government has not opposed this motion in its response.[2] The government is, therefore, **INSTRUCTED** to provide Jencks Act materials seven (7) days prior to trial. Defendant's request for production of internal governmental memoranda and agents' notes is **DENIED**. Defendant has made no particularized showing of need regarding these matters.

9. **Giglio Information:**

A separate motion was filed seeking this same discovery, and therefore, this request is addressed below.

10. **Law Enforcement Agents' Identities:**

In light of the government's liberal discovery policy, this request is **MOOT**.

---

[2]Indeed, the government states that it is willing to provide Jencks Act materials, including grand jury transcripts, one week prior to trial. (Doc. no. 196, p. 2).

11. **Polygraph Examinations:**

In light of the government's liberal discovery policy and the government's disclosure that no polygraph examinations were conducted (doc. no. 196, p. 3), this request is **MOOT**.

12. **Psychiatric or Psychological Examinations:**

In light of the government's liberal discovery policy, this request is **MOOT**.

13. **Favorable Evidence under Brady and Giglio:**

A separate motion was filed seeking this same discovery, and therefore, this request is addressed below.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 91).

7

## MOTION FOR DISCLOSURE OF
## EXCULPATORY AND IMPEACHING MATERIAL

Defendant filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 92). To some extent, Defendant's requests exceed the scope of Brady. Brady material includes information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This motion is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE
## INTENTION TO RELY UPON OTHER CRIMES EVIDENCE
## PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

8

In its Arraignment Order dated July 22, 2009 (doc. no. 81), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosures in accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 95).

## MOTION FOR PRE-TRIAL JAMES HEARING and FOR PRE-TRIAL DISCLOSURE OF CO-CONSPIRATOR STATEMENTS

Defendant has moved for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. Defendant also seeks disclosure of co-conspirator and co-defendant statements. United States v. James, 590 F.2d 575 (5th Cir. 1978) (*en banc*), requires that, before the case is submitted to the jury, the Court must determine whether the prosecution "has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the co-conspirator and defendant against whom the co-conspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy." Id. at 582; United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005) (same); see also Fed. R. Evid. 801(d)(2)(E).

A pre-trial determination under James is not required. United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991); United States v. Dyer, 752 F.2d 591, 595 (11th Cir. 1985). The required finding can be made at the close of the government's case-in-chief. United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984). Further, the Court may examine the statements sought to be admitted when making the factual determination. Bourjaily v. United States, 483 U.S. 171, 180-81 (1987); United States v.

Miles, 290 F.3d 1341, 1351 (11th Cir. 2002) (*per curiam*).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial. Therefore, the motion for a pre-trial James hearing is **DENIED**. (Doc. no. 96-1).

As to the request for disclosure of co-defendant and co-conspirator statements, the Court recognizes that the language of Fed. R. Crim. P. 16(a)(1)(A) requires disclosure of statements "made by the defendant(s)," but the Court does not agree with the argument that this provision mandates disclosure of co-conspirator statements, since those statements are imputed to the respective Defendants in this case under Fed. R. Evid. 801(d)(2)(E). Specifically, the Eleventh Circuit has ruled that these independent provisions cannot be read *in pari materia*. United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987) (*en banc*) (adopting the reasoning of United States v. Roberts, 811 F.2d 257, 258 (4th Cir. 1987) (*en banc*)). The policy underlying nondisclosure of co-conspirator statements rests firmly on the belief that disclosure would unnecessarily promote both the intimidation of witnesses and attempts to suborn perjury. Roberts, 811 F.2d at 259 (citing United States v. Jackson, 757 F.2d 1486, 1493 (4th Cir. 1985) (Wilkinson, J., concurring)). The Jackson concurrence correctly noted that nothing in Fed. R. Crim. P. 16(a)(1)(A), can be read to require disclosure of co-conspirator statements and that decisions relied on by the defendant justifying discovery of such statements as "vicarious admissions" of defendants "make one person out of two and beg the question of undue pressure which may result." Jackson, 757 F.2d at 1493. Rule 16(a)(1)(A) requires the government to disclose "the substance of any relevant oral statement made by the defendant." Any discovery of co-conspirator statements must be

pursuant to the provisions of the Jencks Act, 18 U.S.C. § 3500, or not at all. Roberts, 811 F.2d at 259. Therefore, Defendant's request for disclosure of co-conspirator statements is **DENIED**. (Doc. no. 96-2).

### MOTION TO RESERVE THE RIGHT
### TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant is **DENIED**. (Doc. no. 97). The Court ordered that all motions in this case were to be filed by August 10, 2009, and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court.[3] (Doc. nos. 19, 56). This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### MOTION TO PRESERVE RECORD AS TO
### RACE OF EACH VENIREMAN AT TRIAL

The Equal Protection clause forbids prosecutors from challenging potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). As this information would be necessary for an appeal under Batson, the motion is **GRANTED**. (Doc. no. 99).

### MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 101), subject to the following terms and conditions:

---

[3]A motion may not be filed outside the deadlines set by the Court except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which they desire to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

## **MOTION FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY**

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 197-1, 197-2).

SO ORDERED this 27th day of October, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE