IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-073 |
| | * | |
| MARSIGNOR CORNELIUS WHITE | * | |

**O R D E R**

Presently before the Court is Defendant's Motion for Credit for Time Served (doc. 448). Defendant's Motion, which Defendant refers to as a request and "not an official motion," asks this Court to credit him for time spent in the custody of the United States Marshals Service. Defendant represents that he attempted to resolve this issue within the Bureau of Prisons ("BOP"), where he was told that he must either (1) have the Georgia Department of Corrections prove he did not receive credit from them while in the Marshals' custody or (2) move this Court to issue an order granting credit for time served.

The BOP, and not this Court, has authority to determine if a defendant should receive credit for time spent in custody prior to the commencement of a federal sentence. See United States v. Nettles, No: 09-00014, 2010 WL 5421340, at *1 (S.D. Ala. Dec. 27, 2010). Such a motion is only properly before this

Court pursuant to 28 U.S.C. § 2241 *following the exhaustion of administrative remedies*. United States v. Edwards, 545 F. App'x 891, 893 (11th Cir. 2013) (per curiam). Indeed, "the granting of credit for time served is in the first instance an administrative, not a judicial, function[.]" United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989). "Exhaustion of administrative remedies is jurisdictional." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (internal quotation omitted).

Although Defendant indicates that he has spoken to the BOP regarding this issue, it appears that he has failed to exhaust his administrative remedies. The BOP has a four-step procedure in this regard. 28 C.F.R. §§ 542.10 *et seq.*; Gibson v. Apker, No. 5:13-HC-2047, 2014 WL 457697, *1 (E.D.N.C. Feb. 4, 2014). First, the inmate must present his issue to the staff for informal review. 28 C.F.R. § 542.13. If unsuccessful, the inmate may then submit a formal written request to the warden using a BP-9 form. Id. § 542.14. If dissatisfied with that response, the inmate then may appeal to the BOP's regional director with a BP-10 form, and then to the BOP's General Counsel with a BP-11 form. Id. § 542.15.

Because Defendant has failed to demonstrate that he exhausted the administrative procedures available to him, this

Court lacks jurisdiction over his present motion. Defendant's motion (doc. 448) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of March, 2015.

*/s/ J. Randal Hall*
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA