IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 109-073-10 |
| | * | |
| MARSIGNOR CORNELIUS WHITE | * | |

**O R D E R**

In the captioned criminal matter, there are two pending *pro se* motions filed by Defendant Marsignor Cornelius White. The Court is unable to afford Defendant the relief sought in either motion for the reasons stated below.

In the first motion, Defendant seeks a credit against his sentence of imprisonment for time served in the custody of the United States Marshals Service. This Court denied a similar motion in 2015 because Defendant had not exhausted his administrative remedies with the Bureau of Prisons. (See Order of March 31, 2015, Doc. 449.) Defendant attaches several documents to his current motion purporting to show that he has exhausted his administrative remedies.

A judicial challenge to the BOP's decision regarding the execution of a federal sentence must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d

1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, Defendant must bring his § 2241 challenge in the Northern District of Florida, which has territorial jurisdiction over the facility in which Defendant is presently incarcerated. This Court simply does not have jurisdiction to consider the matter. See Rumsfield v. Padilla, 542 U.S. 426, 442-43 (2004). Accordingly, the motion for time credit (doc. 470) is **DENIED**.

The second motion seeks a sentence reduction based upon Defendant's "extraordinary efforts at rehabilatation [sic] post sentencing." (Doc. 471. at 1.) With only three exceptions, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). First, if the Director of the Bureau of Prisons files a motion asking for a reduction, a court may entertain it under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). Second, Section 3582 references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Third, a court may reduce a sentence that was "based on a sentencing

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Defendant's request for a reduction does not fall within any of these exceptions. Accordingly, the Court is without authority to modify the Defendant's sentence as requested.[1] His motion to reduce (doc. 471) is therefore **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of July, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Defendant's citation to Pepper v. United States, 562 U.S. 476 (2011), is unavailing because the defendant in that case had his sentence set aside on appeal; under those circumstances, a sentencing court may consider post-sentencing rehabilitation. Here, Defendant is not being resentenced following a successful appeal.